UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIRK DOUGLAS MULLINS,<br><br>Defendant. | Case No. 4:19-cr-00099-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Kirk Douglas Mullins's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 174. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

Mr. Mullins pleaded guilty to conspiracy to distribute methamphetamine. In June 2020, the Court sentenced him to 168 months' incarceration, to be followed by five years' supervised release. As of this date, Mr. Mullins has roughly eight years remaining on his 14-year prison sentence. His projected release date is March 23, 2031. *See* https://www.bop.gov/inmateloc (last visited Oct. 13, 2022).

MEMORANDUM DECISION AND ORDER - 1

Mr. Mullins is 59 years old and is currently incarcerated at FCI Sheridan. In June and July 2022, Mr. Mullins asked the warden to consider him for compassionate release due to his medical conditions and risk of contracting COVID-19. *See Motion, Ex. 1* at 2-3, Dkt. 174-1.

In the motion filed with this Court, Mr. Mullins claims to suffer from numerous medical conditions that make him more likely to become seriously ill or die if he contracts COVID-19. *Id.* at 5. He also reportedly suffers severe dental disease, a compression back fracture, and chronic cervical neck conditions. *Id.* According to Mr. Mullins, these constitute "compelling circumstances" that justify compassionate release.

## LEGAL STANDARD

Mr. Mullins seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the

MEMORANDUM DECISION AND ORDER - 2

burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Mr. Mullins has exhausted his administrative remedies and his motion is properly before the Court.

Turning to § 3553(a) factors, the Court is not persuaded that compassionate release is justified. In short, Mr. Mullins has failed to demonstrate how his release, roughly two years into a lengthy sentence for the serious crime of conspiring to distribute methamphetamine, adequately addresses the nature and circumstances of the offense or the history and characteristics of the Defendant. Nor has he adequately explained how a compassionate release would reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

Mr. Mullins cites an array of physical ailments in support of his motion, including (1) dental disease, (2) compression back fracture, (3) chronic cervical neck conditions, and (4) "numerous comorbid medical conditions" that he claims place him at a high risk if he contracts COVID-19. *Motion* at 5, Dkt. 174. While a

defendant's need for medical care is a factor under § 3553(a), Mr. Mullins's health conditions do not constitute extraordinary and compelling circumstances.

First, it is far from clear why Mr. Mullins's reported dental disease, back pain, and neck pain cannot be adequately treated while he is incarcerated.[1] Suffering physical ailments is not rare among inmates. Furthermore, even if Mr. Mullins's conditions required specialized care, alternatives such as temporary release would be more fitting than compassionate release.

Second, Mr. Mullins claims to have "comorbid medical conditions" that place him at a "high risk of serious illness or even death" if he contracts COVID-19. But he does not explain what those conditions are or provide any medical assessment of his increased risk from COVID-19. By now, vaccines for COVID-19 are widely available and Mr. Mullins fails to explain whether he has been vaccinated, and if he has not, why he has not.

Finally, even if Mr. Mullins's health issues did constitute extraordinary and compelling reasons for his release, they would not outweigh the § 3553(a) factors and the need for the sentence imposed. Mr. Mullins's offense is as serious now as

---

[1] The Court also notes that the medical exam report Mr. Mullins filed does not comport with his own descriptions of his back and neck conditions. *See Motion, Ex. 1* at 1, Dkt. 174-1 ("No radiographic evidence for fracture or malalignment.").

**MEMORANDUM DECISION AND ORDER - 4**

it was when sentence was originally imposed, and the Court finds that no reduction is warranted. The Court has considered Mr. Mullins's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

## ORDER

**IT IS ORDERED** that:

(1) Defendant Kirk Douglas Mullins's Motion for Compassionate Release (Dkt. 174) is **DENIED**.

DATED: November 7, 2022

_____
B. Lynn Winmill
U.S. District Court Judge